## INJURY TO RESIDENCE PROPERTY FROM OPERATION OF A MANUFACTURING PLANT.

### ELLER v. KOEHLER.

### Decided, March 2, 1903.

*Injuries by Defendant's Machinery—On Adjoining Lots—Action for Damages—Similar Plants in the Vicinity—Error to Refuse Consideration of Such—In Charge to Jury—Railroad Tracks Adjacent to Premises of Both Parties—Testimony Should Be Allowed—As to Objectionable Results of Running Trains Close to Property Alleged Injurious—Competent Testimony—Recovery for Injury—Personal Rights.*

1. In an action to recover damages for injuries alleged to have been occasioned by the defendant's machinery on an adjoining lot, it being admitted by the pleadings that the defendant's manufacturing plant is situate in a part of a city which is and has been devoted to like business purposes, and was so at the time the defendant's plant was constructed, it is error to refuse to instruct the jury, at the request of the defendant, as follows: "In determining the question whether the plaintiff has suffered actual, substantial and material injuries, you may consider the locality of her property and that of the defendant, the nature of the business that is being conducted by the defendant, the character of the machinery that he is using, the manner of using the property producing the alleged injuries, and you may also consider the kinds of business, if any, which are being conducted and carried on in the vicinity of these properties. *. * * * If you find from the evidence that the plaintiff's property is situated in a populous city and in the vicinity of other shops of the same, or substantially the same, character and kind, then you may consider this fact in determining whether the plaintiff has suffered injuries of the kind named. A party dwelling in a populous city and in the vicinity of shops and factories, can not have the same quiet and freedom from annoyances that he would have in the country or in other districts. If these annoyances, should you so find them to be such, are either trifling in their nature, or are such as under the particular circumstances of this case do not cause real, substantial and material injuries, then, so finding, the plaintiff could not recover."

2. In such case, when it appeared that four railroad tracks ran along and adjoining the premises of both the plaintiff and the defendant, and the defendant offered to prove that repeated observations had been taken as to the noises and vibrations, at various places in the defendant's shops, and also that observations were made as to the noises and vibrations made by the railroad trains passing along the buildings in question, and that both the noises and the vibrations from the railroad trains were many times greater than those from the defendant's machinery, it was error to refuse to allow such testimony to go to the jury, as tending to show that the injuries may not have been caused by the defendant's machinery, but solely by the railroad trains,

Error to the Circuit Court of Stark County.

The defendant in error brought suit against the plaintiff in error in the Court of Common Pleas of Stark County, to recover damages for alleged injuries to her health and her property, which she alleges resulted from noise and vibration occasioned by certain steam hammers, or as they turned out to be, drop hammers, which are used in the manufactory of the plaintiff in error on a lot adjoining the lot of the defendant in error. Plaintiff in error in his answer in the court of common pleas, denied that the plaintiff had suffered the injuries alleged, and averred that the tracks of a certain railway are near to the buildings of the plaintiff, and that the trains of such railway constantly pass and jar the plaintiff's buildings and cause whatever injury the plaintiff has suffered and complained of. He also averred that the plaintiff's injuries are only such as necessarily result from the proper and careful conduct of the several kinds of business which prevail in that vicinity; and "that said manufacturing plant is situate in a part of the city which is and has been devoted to like business purposes, and was so at the time said plant was constructed." The averment last mentioned as contained in the answer, is not denied, but it is also supported by evidence contained in the record. There is also an allegation in the petition that the hammers had been carelessly and negligently placed by not having them placed on a proper and substantial foundation, and by placing them too near to the premises of the plaintiff, but on the trial no evidence was offered on this issue, and plaintiff's counsel expressly withdrew that claim.

The errors assigned here are set forth in the opinion. The judgment of the court of common pleas was for the defendant in error. The circuit court affirmed the judgment of the court of common pleas.

*J. A. Jeffers* and *A. A. Thayer,* for plaintiff in error, cited and commented upon the following authorities:

*McMorran* v. *Filzgerald,* 106 Mich., 649; *Gas Co.* v. *Freeland,* 12 Ohio St., 392; *Cooper* v. *Hall,* 5 Ohio, 321; *Culver* v. *Ragen,* 8 Circ. Dec., 125; 15 C. C. R., 228; *Glycerine Co.* v. *Manufacturing Co.,* 60 Ohio St., 560; *Smelting Co.* v. *Tipping,* 11 H. L. Cas., 642; *Euler* v. *Sullivan,* 32 Am. St. Rep., 420; *Murphy* v. *Leggett,* 164 N. Y., 121.

*Welty & Albaugh,* for defendant in error, cited and commented upon the following authorities:

*Culver* v. *Ragen,* 8 Circ. Dec., 125; 15 C. C. R., 228; *McMorran* v. *Fitzgerald,* 106 Mich., 649; *Fertilizer Co.* v. *Malone,* 73 Md., 268; *Cooper* v. *Hall,* 5 Ohio, 321; *McElroy* v. *Goble,* 6 Ohio St., 187; *Gas Co.* v. *Freeland,* 12 Ohio St., 392; *Tootle* v. *Clifton,* 22 Ohio St., 247; *Goodall* v. *Crofton,* 33 Ohio St., 271; *Euler* v. *Sullivan,* 75 Md., 616; *Hurlbut* v. *McKone,* 55 Conn., 31; *Ashbrook* v. *Commonwealth,* 1 Bush, 139; *Keiser* v. *Gas Co.,* 143 Pa. St., 276; *Meiners* v. *Miller Co.,* 78 Wis., 364; *People* v. *Lead Works,* 82 Mich., 471; *Shirely* v. *Railway Co.,* 74 Ia., 169; *Inglebright* v. *Hammond,* 19 Ohio, 337; *Walker* v. *Devlin,* 2 Ohio St., 593; *Eckels* v. *State,* 20 Ohio St., 508.

Davis, J.; Burket, C. J., Spear, Shauck and Crew, JJ., concur.

The defendant asked the court to charge the jury that:

"In determining the question whether the plaintiff has suffered actual, substantial and material injuries, you may consider the locality of her property and that of the defendant, the nature of the business that is being conducted by the defendant, the character of the machinery that he is using, the manner of using the property producing the alleged injuries, and you may also consider the kinds of business, if any, which are being conducted and carried on in the vicinity of these properties. * * * If you find from the evidence that the plaintiff's property is situated in a populous city and in the vicinity of other shops of the same, or substantially the same, character and kind, then you may consider this fact in determining whether the plaintiff has suffered injuries of the kind named. A party dwelling in a populous city and in the vicinity of shops and factories, can not have the same quiet and freedom from annoyances that he would have in the country or in other districts. If these annoyances should you so find them to be such, are either trifling in their nature, or are such as under the particular circumstances of this case do not cause real, substantial and material injuries, then, so finding, the plaintiff could not recover."

The court not only refused to so instruct the jury, but apparently constructed the charge on the theory that the vicinage was an element which should not be considered in the case; even going to the extent of saying that: "The term nuisance signifies anything that causes hurt, inconvenience, annoyance or damage to another. If

the thing done causes either of these in *any* degree, the person creating it must be charageable for the consequences." This is a too literal interpretation of a very old definition of nuisance; for it has always been the law that in order to subject one to an action for nuisance the injury must be material and substantial. It must not be a figment of the imagination. It must be tangible. In *Columbus Gas, etc. Co.* v. *Freeland,* 12 Ohio St., 392, this court settled this question for this state in the following definite resolution: "What amount of annoyance or inconvenience will constitute a nuisance, being a question of degree, dependent on varying circumstances, can not be precisely defined." This is not only contrary to the instruction given by the trial judge, but it also affirms a principle which is of much importance in determining the questions arising in this case. In holding that what constitutes a nuisance can not be comprehended in an all-inclusive definition because of ever varying circumstances which may make that a nuisance in one case which is not one in another, this court merely embodied in terse phrase the universal experience of the courts. Only conduct which is a nuisance *per se* at all times and under all circumstances a nuisance, although there are some lawful trades and modes of using property, which, by reason of unavoidable noxiousness and offensiveness, are *prima facie* nuisances. But the fact that a certain business is *prima facie* a nuisance does not relieve the complainant of the necessity of proving that the business is in fact a nuisance and that he has sustained an actual and substantial damage therefrom. It scarcely needs to be pointed out that the circumstance of contiguity will enter largely into such an inquiry, along with other facts and circumstances. This rule applies to the full extent in cases in which damages are claimed from noise or vibration of machinery, in the conduct of a perfectly lawful business, in an ordinarily careful manner, on premises adjoining these of the complainant. "In determining the question of nuisance from noise or vibration reference is always to be had to the locality, the nature of the trade or use of the property producing it, the time during which it exists, the intensity of the noise and the effects produced thereby. No definite rule can be given that is applicable to every given case, as each case must necessarily stand by itself, and be determined by a jury with reference to the circumstances peculiar to itself, etc." 2 Wood

on Nuisance, Secs. 638, 639. Whether it be a case of injury to real property, or a case of personal annoyance or inconvenience, or of interference with the comfortable enjoyment of one's property, or whether the question be as to the existence of a nuisance, or as to the extent of the alleged injury, or as to whether the defendant's act caused the injury, and though the inquiry be before a chancellor or a jury, the contiguity of the alleged nuisance to the plaintiff's property and the nature of the vicinage is always a pertinent circumstance to be considered. The matter of locality may be of much or little weight in arriving at a conclusion, nevertheless the parties have the right to have the controversy heard and determined with all the light that locality may throw upon it. The mutual interests of urban populations require this. For example, if one unnecessarily erects, maintains and operates a noisy, smoky machine shop, or rolling mill, in the midst of a section of a city or town already wholly given up to residences, possibly many of them of elaborate design and great cost, there would be less excuse for the offender in so using his own property, than if he had chosen a place which had been wholly or in part given up to trade and manufactures. All that can be required of men who engage in lawful business is that they shall regard the fitness of locality. In the residence sections of a city, business of no kind is desirable or welcome. On the other hand one who becomes a resident of a trading or manufacturing neighborhood, or who remains while in the march of events a residence district gradually becomes a trading or manufacturing neighborhood, should be held bound to submit to the ordinary annoyances, discomforts and injuries which are fairly incidental to the reasonable and general conduct of such business in his chosen neighborhood. The true rule would be that any discomfort or injury beyond this would be actionable; anything up to that point would not be actionable. At any rate, we hold that the trial judge should have instructed the jury as requested; and for this error, as well as the error of the circuit court in affirming the judgment of the court of common pleas, the case is reversed.

On the trial the defendant offered, and was not allowed, to prove that observations had been made in various places in defendant's shops, and at various times, as to the noises and vibrations coming from the drop hammers, and also as to the noise and vibra-

tions caused by railroad trains which pass along by the defendant's buildings at about the same distance as from the plaintiff's buildings, and that the noises and vibrations coming from the railroad trains are many times greater than those from the operation of the hammers in question.   We think that this testimony ought to have been admitted, not to apportion the damage between the defendant and the railroad company, but because it would tend to show that the alleged injuries resulted, not from defendant's hammers, but from the railroad trains.   These observations were taken from points nearest the sources of noise and vibration in the hammers and equally near the railroad tracks with plaintiff's buildings.

*Reversed.*