DEALBERT, APPELLEE, *v.* NOVAK ET AL., APPELLANTS.

(No. 1128—Decided April 10, 1946.)

*Mr. William G. Wickens,* for appellee.
*Mr. E. H. Davidson,* for appellants.

DOYLE, J.  This is a suit in equity, appealed to this court on questions of law and fact.  The motion to dismiss the appeal is overruled, on the ground that the action was pending prior to January 1, 1945, and as a result thereof the appellate procedure is not affected by the constitutional amendment effective as of that date.  We entertain the action *de novo.*

The complainant is the owner of approximately thirteen acres of land in one of the rural farming parts of Lorain county. She there resides and keeps a few farm animals on the premises. She is employed in a manufacturing plant in a nearby village.

The defendants own and operate a farm of more than 100 acres, situated across a highway which divides the properties.  The defendants reside upon this farm, and carry on general farming activities.

The petition asserts that the defendants maintain a nuisance on their property, in that in the operation of their farm they keep at certain times from 500 to 1,000 ducks, which congregate at night on a pond created by the damming of a small stream of water, and there, by "noise, cackling, hooting, quacking and disturbance," deprive the complainant "of the ordinary comforts of life," deprive her "of the natural enjoyment of her property," and disturb the "rest, sleep and repose of persons of ordinary sensibilities trying to sleep in her dwelling, and this plaintiff in particular."  It is prayed that the alleged nuisance be enjoined.

The evidence discloses that these ducks were of the usual barnyard breed and made the usual amount of

noise, and that such noise could from time to time be heard in the complainant's home about 400 feet away, and that it was disturbing to her and to some of her guests, who testified in her behalf. The evidence also shows that the number of the ducks varied considerably —from a comparatively few to some 600—depending partly on the season, and that only the female ducks, which constituted about half of the various flocks, made any substantial amount of noise.

This is not an action for damages predicated upon nuisance, but is an action in equity for injunction; and the question for determination is whether there is anything in the nature of the case which renders it unreasonable, in view of the relative rights, interests and wishes of the parties, and the general welfare of the public, that defendants should continue upon their premises that part of the business in which they are now engaged, or whether, on the other hand, the resulting annoyance to the complainant must be regarded as one which is incident to the lawful enjoyment of property by another, and which, consequently, can form no basis for equitable legal redress. And in consideration of this question, it must be kept in view that the business of the defendants is one which is lawful in itself and necessary to the public good, and a business which must be carried on by some persons in some locality to help provide food and sustenance for the public at large. See opinion of Cooley, J., in *Gilbert v. Showerman,* 23 Mich., 448.

Is it proper and right that this business be carried on in the locality where it now exists?

There is a distinction between equitable actions based upon nuisance in which property is alleged to be damaged or health seriously impaired, and actions brought in respect to acts producing purely personal discom-

fort. Under the latter circumstance, the person complaining of the annoyance must submit in the interest of the public generally to the discomfort usually incident to the circumstances of the place and the usual businesses carried on in the vicinity. See *McIntosh v. Brimmer,* 68 Cal. App., 770, 230 P., 203.

If this were not so, any annoyed resident could enjoin innumerable activities which we recognize as necessary for the public good. It seems that reason and a just regard to the rights and interest of the public, and to individual property owners, do not permit hard and fast rules to control the subject of nuisance. A controlling fact in the law of private nuisance is the degree of the nuisance in relation to the surrounding circumstances and the environment.

In a clear and powerful treatise on "Administrative Justice and the Supremacy of Law in the United States," Professor Dickinson, of Princeton University, writes, at page 135:

"Almost every legal concept or principle is found to be but the terminal of a scale which shades at its opposite extremity into another of exactly contrary tendency, and the line between the two oscillates from specific case to case according to the context. Thus the law of nuisance plays between the principle that every person is entitled to use his property for any purpose that he sees fit, and the opposing principle that every man is bound to use his property in such a manner as not to injure the property of his neighbor."

It is apparent that the members of this court, in deciding this case, must look to the evidence and subordinate the opposite legal concepts to expediency and justice, and it is our judgment that the injunction should be denied because (1) the business of raising

ducks is legitimate and necessary; (2) the noise therefrom is no more than is usual in such an enterprise, is unavoidable, and the question of sanitation is not involved; (3) a farm located in a farming district provides a fit locality for such business—*Eller* v. *Koehler*, 68 Ohio St., 51, at p. 57, 67 N. E., 89; (4) in the lawful use of property, how far an annoyance may be caused to other persons of ordinary health and sensitiveness becomes a question of degree; and (5) in the administration of the rules of equity, in appraising the relative rights of the parties the greater and more general interests of the community and of the individual must be regarded with greater force than those which are inferior and special.

Decree for appellants (defendants below). Plaintiff's petition is ordered dismissed.

*Decree for appellants.*

WASHBURN, P. J., and STEVENS, J., concur.