KEPLER ET AL., APPELLANTS, *v.* INDUSTRIAL DISPOSAL CO. ET AL., APPELLEES.

(No. 3893—Decided March 8, 1948.)

*Messrs. Gottwald, Hershey & Hatch,* for appellants.
*Messrs. Walker & Alpeter,* for appellees.

STEVENS, J. This proceeding came into this court as an appeal on questions of law and fact by the plaintiffs below, from a judgment denying an injunction sought by them.

Plaintiffs are the owners or occupants of various properties lying adjacent or in proximity to the premises owned and used by defendants as a site for disposing of industrial waste. The disposal is accomplished by burning.

The waste so burned consists of paper, wood, floor sweepings, rubber, and chemicals, naptha and grease used in the manufacture of rubber products, and originates at the plants of The B. F. Goodrich Company and The General Tire & Rubber Company, in Akron.

The operation is carried out under the terms of a contract whereby defendant Industrial Disposal Company is paid by the Goodrich company on the basis of the amount of waste material delivered by Goodrich to defendant for disposal, and under a contract with The General Tire & Rubber Company, the terms of which do not appear in the evidence.

Incident to the burning of the materials so delivered, there arise, from the burning pits, smoke and odors, which are claimed by plaintiffs to be noxious, offensive, and which, dependent upon wind direction and velocity, and general weather conditions, at times envelop plaintiffs' properties so as to make their occupancy disagreeable, and sometimes impossible.

Plaintiffs were residents of the area in question before the defendant company started its operations in November, 1946, and the area may be said, from the evidence, to be an agrarian residential community.

There are in this case no questions of laches or estoppel, for plaintiffs promptly objected to defendants' operations, and in less than two months from the outset thereof instituted the present action.

Defendants have not made any large investments in equipment by reason of plaintiffs' failure to act promptly.

The business conducted by defendants is not one tinged with a public interest, as is the case with a disposal plant or garbage incinerator, but is conducted solely for defendants' financial benefit.

The question presented is: May the defendant company, in the conduct of a business which in and of itself is perfectly lawful, so conduct that business as to cast smoke, soot, ashes and odors upon the properties of its neighbors, at frequent intervals, in such amounts and of such intensity as to make the occupancy of the neighbors' properties not only disagreeable, but sometimes impossible, without subjecting itself to injunctive intervention?

The answer to the above question, of course, involves a determination of whether or not the activities of the defendants constitute the maintenance of an actionable nuisance.

The rule to be drawn from examination of the vari-

ous authorities on the subject of nuisance is rather tersely stated in 39 American Jurisprudence, Nuisances, Section 54, as follows:

"* * * To constitute smoke a nuisance, the annoyance and inconvenience suffered must be of a substantial character, and must be such as to produce actual, tangible, and substantial injury to neighboring property itself, *or* such as to interfere sensibly with its use and enjoyment by persons of ordinary sensibilities. But it is not essential that it should be emitted continuously; it may constitute a nuisance although occasioned only at intervals." (Italics ours.)

The rule as to fumes and gases, and stenches and smells, is substantially the same as the rule stated above. In order to constitute nuisances, they must result in "a material injury to the comfort of the owner of adjacent property and his family." *Ibid.,* Section 59.

So, too, has the rule been stated by the Supreme Court of Ohio in *Eller* v. *Koehler,* 68 Ohio St., 51, at page 55, 67 N. E., 89:

"* * * it has always been the law that in order to subject one to an action for nuisance the injury must be material and substantial. It must not be a figment of the imagination. It must be tangible."

In the instant case, the members of this court are in unanimous agreement that the operation of defendants' business, as it is shown by the evidence to be operated, does give rise to conditions which not only are nuisances, but actionable nuisances. There is shown substantial injury to the owners and occupiers of surrounding property, which interferes sensibly with their use and enjoyment of their respective abodes, they being persons of ordinary sensibilities; and the injury is of such character as to be incapable of being compensated by an award of damages. The

injury is therefore irreparable, and plaintiffs have no adequate remedy at law.

From this evidence we conclude that plaintiffs have clearly shown that an actionable nuisance is maintained by defendants, and that the plaintiffs are entitled to the relief which they seek.

A decree in accordance with this finding may be prepared.

*Decree accordingly.*

DOYLE, P. J., and HUNSICKER, J., concur.