LASKO ET AL., APPELLEES, *v.* CITY OF AKRON, APPELLANT.*

(No. 4774—Decided July 9, 1958.)

*Mr. Claude P. Herman* and *Mr. Richard W. Rowland,* for appellees.

*Mr. John M. Kelly,* director of law, and *Mr. Harry N. Van Berg,* for appellant.

HUNSICKER, P. J. This is an appeal on questions of law from a judgment rendered against the city of Akron in the Common Pleas Court of Summit County, Ohio.

The city operated a sanitary landfill on a 17-acre tract of land lying between Cuyahoga Street and Peck Road. This land lay just north of a four-acre tract on which Stephen Lasko, his wife and family, lived. The Lasko house faced Peck Road.

Beginning in March, 1955, and ending in August, 1957, the city disposed of garbage and rubbish by the landfill method. Fill dirt was hauled from a hill across Peck Road for the landfill site.

The Laskos sued the city for damages, saying they were injured in the enjoyment of their home by noise, dust, odors, rodents and insects arising from the conduct of the landfill

---

*Motion to certify the record overruled, December 17, 1958.

operation. A jury returned a verdict of $4,500, and from the judgment awarded on that verdict an appeal was lodged in this court.

The city says the trial court erred:

"1. * * * to the prejudice of the defendant in permitting a witness to testify as to complaints she telephoned to the city building and to telephone conversations she had with the mayor's secretary and others.

"2. * * * in overruling defendant's motions for a directed verdict at the conclusion of plaintiff's case (Record, page 185) and at the end of all the evidence (Record, page 287).

"3. * * * in charging the jury that the defendant's acts became unlawful if it acted in such a way as to cause material discomfort to the plaintiffs.

"4. * * * in charging the jury that the defendant city was liable if it caused the plaintiffs material discomfort."

The city also says "the judgment and verdict are excessive, are not sustained by sufficient evidence, and are clearly and manifestly against the weight of the evidence."

The testimony is in great conflict. The witnesses for the Laskos gave evidence concerning the noise, dust, odors, rats and flies which came upon their premises, making it impossible to enjoy the peace and quiet of their home.

The witnesses for the city sought to show that the sanitary landfill method of disposing of garbage and rubbish was a highly-efficient, effective and nonoffensive method of disposing of the waste products of a large metropolitan area.

The city freely admitted that, for a fee, it disposed of this waste matter for at least one other city, some township areas, and some villages, in Summit County.

We think the evidence shows that the operation of this so-called sanitary landfill was, at times, conducted much below a standard of effectiveness, and with a low degree of efficiency. The result of such operation caused the noxious and offensive odors, insects and rodents to permeate, come upon, and infest in more or less degree, the home of the Laskos.

In our consideration of this appeal, we must admit that the testimony of Mrs. Franklin, who was permitted to tell the jury of her several calls to officials of the city of Akron, was not

proper evidence, but after examining this record, we are convinced that such testimony did not constitute prejudicial error.

We recognize the rule recently laid down by the Supreme Court of Ohio in *Broughton* v. *City of Cleveland,* 167 Ohio St., 29, 146 N. E. (2d), 301, wherein the court said, at page 33:

"It would therefore appear that Ohio is now rather definitely committed to the proposition as stated in *Imes* v. *City of Fremont, supra.* Such position is in accord with the case of *State, ex rel. Moock,* v. *City of Cincinnati,* 120 Ohio St., 500, 166 N. E., 583, wherein it was held that measures pertaining to health and sanitation, including the collection and disposal of garbage, come within the police powers of government."

There is specific statutory authority for a municipal corporation to provide for the collection and disposition of garbage, Section 715.43, Revised Code; for the regulation of scavengers (rubbish haulers), Section 715.61, Revised Code; and such municipal corporation has the power under Section 717.01 (C), Revised Code, to erect a crematory or provide other means for disposing of garbage or refuse.

In the exercise of such powers, we doubt if their operation, even if not skillfully done, could result in a public nuisance. See: *Toledo Disposal Co.* v. *State,* 89 Ohio St., 230, 106 N. E., 6, L. R. A., 1915B, 1207, paragraphs three and four of the syllabus.

In the instant case, however, we have a claim for a private nuisance, and we have the city engaging in the disposal of garbage and rubbish not only for its own inhabitants, but it is also engaged, for a fee, in the business of disposing of the same matter for other municipalities and private parties. In thus performing this function, it acts in a proprietary capacity, and hence is subject to the common-law rule of liability for conduct which causes injury to another. *Chupek, Admr.,* v. *City of Akron,* 89 Ohio App., 266, 101 N. E. (2d), 245; 18 McQuillin, Municipal Corporations (3rd Ed.), Section 53.91, at pp. 387-388.

The trial judge, in his instructions to the jury, never mentioned the word "nuisance"; however, he repeatedly said that if the jury found that the Laskos sustained any real, material and substantial physical discomforts and annoyances in the use and enjoyment of their property, during the period of time that

the city was conducting landfill operations near them, and these conditions were proximately caused by the city in carrying out its landfill work, then the city would be liable.

Did the trial judge define "nuisance" for the jury? In *Village of Cardington* v. *Admr. of Fredericks,* 46 Ohio St., 442, at p. 446, 21 N. E., 766, the court said:

"The term 'nuisance' is of extended application. Many definitions are given, necessarily varied because the word applies to a large number of subjects."

This court, speaking through Judge Stevens, in the case of *Kepler* v. *Industrial Disposal Co.,* 84 Ohio App., 80, at page 82, 85 N. E. (2d), 308, quoted with approval the following statement from 39 American Jurisprudence, Nuisances, Section 59:

"The rule as to fumes and gases, and stenches and smells, is substantially the same as the rule stated above. In order to constitute nuisances, they must result in 'a material injury to the comfort of the owner of adjacent property and his family.' "

We do not think it was necessary for the trial judge to specifically use the word "nuisance." The elements of nuisance were given to the jury by way of definition, and the jury determined that a nuisance had been committed by the city.

The city says that the trial judge erroneously stated the law of Ohio respecting nuisance and the liability created by such nuisance.

In 66 Corpus Juris Secundum, "Nuisances," Section 170, and authorities cited under note 26, a measure of damage for nuisance is stated as the discomfort, annoyance and inconvenience in the use of the plaintiff's property.

In 39 American Jurisprudence, Nuisances, Section 136, the text, citing authorities, says:

"Recovery is not limited to the damages to plaintiff's property and its rental value. The owner of a residence or dwelling house occupied by him as a home is entitled to just compensation for annoyance, discomfort, and inconvenience caused by a nuisance on adjoining property. In addition to depreciation in the market or rental or usable value of the realty, the plaintiff may recover the damages he himself suffers from deprivation of the comfortable enjoyment of the property, and

the inconvenience and discomfort suffered by him and his family * * *.''

This court, in the *Kepler* v. *Industrial Disposal Co. case, supra,* which was an action for an injunction, said:

''In the instant case, the members of this court are in unanimous agreement that the operation of defendants' business, as it is shown by the evidence to be operated, does give rise to conditions which not only are nuisances, but actionable nuisances. There is shown substantial injury to the owners and occupiers of surrounding property, which interferes sensibly with their use and enjoyment of their respective abodes, they being persons of ordinary sensibilities * * *.''

We adopted in that case the rule set out in *Eller* v. *Koehler,* 68 Ohio St., 51, 67 N. E., 89.

The trial judge, Judge Colopy, in his instructions on damages, followed very largely a case decided by this court in 1926, *Ohio Stock Food Co.* v. *Gintling,* 22 Ohio App., 82, 153 N. E., 341, wherein it was stated that:

''3. The owner of a homestead is entitled to damages for annoyances and inconveniences suffered by him which have been occasioned by a nuisance, though he shows no damage to the dwelling house or improvements upon said property.''

The damages awarded by the jury were substantial, but, after our examination of this entire record, we cannot say that the award is excessive, or that the verdict is against the manifest weight of the evidence.

The judgment must therefore be affirmed.

*Judgment affirmed.*

DOYLE and STEVENS, JJ., concur.