Pfeifer, J.,
concurring in part and dissenting in part.
{¶ 42} The most salient issue in the case before us is that the defendant-appellant, Aldrich Chemical Company, Inc., did not contest liability as to nuisance. The majority underemphasizes that fact. In admitting nuisance, Aldrich admits “the wrongful invasion of the use and enjoyment of property, [and] also the wrongful invasion of personal legal rights and privileges generally.” Taylor v. Cincinnati (1944), 143 Ohio St. 426, 432, 28 O.O. 369, 55 N.E.2d 724. It has admitted that it has caused “material and substantial” injury. Eller v. Koehler (1903), 68 Ohio St. 51, 55, 67 N.E. 89. The plaintiffs did not have to prove the elements of their cause of action — they had to prove their damages.
{¶ 43} The proper inquiry in a nuisance claim is not whether the discomfort or annoyance was physical, but rather whether it was substantial: “There is liability for a nuisance only to those to whom it causes significant harm, of a kind that would be suffered by a normal person in the community or by property in normal condition and used for a normal purpose.” 4 Restatement of the Law 2d, Torts (1979), Section 821F. Again, in admitting nuisance, Aldrich has already admitted that the plaintiffs met this threshold, i.e., that the harm they suffered was sufficient to constitute nuisance. It was for the jury to determine how the plaintiffs would be compensated for the harm they suffered.
{¶ 44} The admission of nuisance made the trial judge’s instruction from 3 Ohio Jury Instructions (2006), Section 345.13(2) and (4), particularly applicable. The OJI jury instruction makes a determination of any damages from annoyance and discomfort the next step after determining the existence of a nuisance and the nuisance’s proximate cause of damages to the plaintiff:
{¶ 45} “ANNOYANCE AND DISCOMFORT. If you find by the greater weight of the evidence that the defendant created a nuisance and the nuisance proximately caused damages to the plaintiff, you will further decide whether the plaintiff suffered personal annoyance and discomfort. When considering annoyance and discomfort damages, no precise rule for ascertaining the damage can be given as, in the very nature of things, the degree of personal annoyance and discomfort is not susceptible to exact measurement. Therefore, you must decide *220 what the plaintiff should have in money, if any, and what the defendants ought to pay, if any, in view of the discomfort or annoyance to which the plaintiff may have been subjected.” Section 345.13(4).
(¶ 46} The OJI instruction does not include a requirement of physical discomfort, nor should it. This court has never required physical discomfort in the calculation of a damages award in a nuisance claim. Further, in regard to damages for wrongful invasions of property, the Restatement says nothing about a requirement of physical discomfort to the plaintiff in order for the plaintiff to recover damages for annoyance and discomfort — it merely states that one element of damages is “discomfort and annoyance” to occupants. 4 Restatement of the Law 2d, Torts, Section 929(l)(c). In commenting about those damages, the Restatement establishes a delineation between bodily harm and discomfort and annoyance:
{¶ 47} “Discomfort and annoyance to an occupant of the land and to the members of the household are distinct grounds of compensation for which in ordinary cases the person in possession is allowed to recover in addition to the harm to his proprietary interests. He is also allowed to recover for his own serious sickness or other substantial bodily harm * * *.” Comment e to Section 929(l)(c).
{¶ 48} The plaintiffs’ fear and anxiety should have been considered by the jury as part of damages for annoyance and discomfort. Mental reactions to an invasion of property can form a legitimate basis to prove a nuisance claim. “In determining whether the harm would be suffered by a normal member of the community, fears and other mental reactions common to the community are to be taken into account, even though they may be without scientific foundation or other support in fact.” Restatement, Section 821F, Comment f.
{¶ 49} Plaintiffs still must prove that their discomfort and annoyance — caused entirely by fear or anxiety or not — was worthy of a monetary award. I agree with the appellate court below that “internal fears and concerns should neither be excluded as potential elements of the annoyance damages nor segregated as discrete components of annoyance damages,” 180 Ohio App.3d 107, 2008-Ohio-6837, 904 N.E.2d 582, ¶ 108, and thus dissent from the majority’s holding regarding Proposition of Law I.
(¶ 50} Since fear and anxiety were factors the jury should have considered in regard to damages for discomfort and annoyance, the jury should have been able to consider evidence of fear and anxiety that continued from the time of the explosion through the abatement of the nuisance three months later. All of the bases of that fear, including evidence of prior incidents shared at town meetings after the explosion and evacuation, should have been admitted into evidence. The jury should have been able to consider how the Aldrich plant’s checkered history *221 affected the plaintiffs after the explosion. Accordingly, I dissent from the majority’s holding regarding Proposition of Law II.
Dyer, Garofalo, Mann & Schultz, John A. Smalley, and Jeffrey G. Chinault; Leppla Associates and Taylor Jones Jr.; CR Washington Co., L.P.A., and Cheryl R. Washington; and Behnke, Martin & Schulte, Richard W. Schulte, and Stephen D. Behnke, for appellee.
Faruki, Ireland & Cox, P.L.L., Martin A. Foos, and Charles J. Faruki; and Thompson Coburn, L.L.P., and Gordon L. Ankney, for appellant.
O’Connor, J., concurs in the foregoing opinion.