Cox, J.
This ease comes into this court on appeal by defendants from a decree of the court of common pleas, enjoining defend *260 ants from operating their coke ovens to the injury of plaintiff and her property.
The plaintiff is the owner of some thirty acres of ground on the highlands of Miami township, Hamilton county, overlooking the Ohio river, on which some twenty years ago she erected a dwelling for herself and family, and has continued to reside in it ever since. There are also suitable houses for tenants. The grounds are planted with fruit and ornamental trees, and it is claimed the property in only suitable, for a homestead or for subdivision into lots "for dwellings. The defendants are the owners and operators of numerous coke ovens, partly erected and partly repaired many years after Mrs. McClung built her dwelling. These ovens are situated on the second bank of the Ohio river, directly south of plaintiff's property, and by the side of two railroads, the Ohio & Mississippi and the Big Foiir Road, which run between the ovens and the river. The premises of the plaintiff are situated northeast of the ovens and on the side of the hill, the top of which is about seventy-five feet above the ovens ; and it is claimed by plaintiff that the smoke, soot, cinders and gas which emanate from the ovens in the course of manufacturing coke, have caused sickness to the plaintiff and her family, have injured the shrubbery of her homestead, filled her house and furniture with soot, cinders and offensive gases, and have made her home almost untenantable, and greatly injured the value of the same, and she asks to have an injunction against it to prevent them from further operating the ovens to her injury.
A great deal of testimony was taken, including learned opinions of distinguished chemists, physicians and experts as to the effect of the gases, smoke and soot evolved from the burning coke ovens on the health of plaintiff and her family, and as to the injury to her property, and able and learned arguments from counsel on both sides were heard.
On the facts as disclosed by the evidence, a majority of the court hearing the case, is of opinion that Judge Buchwaltek, *261 who decided the case in the court of common pleas, and whose decision is [reported in 31 Law Bulletin, page 9, correctly found the facts and the law as applicable to them. In view of the large interests of the defendant company in this litigation, we have had much hesitation in arriving at a conclusion, the result of which would be, if plaintiff’s claim be true, the practical destruction of its large and valuable plant. And yet, with our views of the law and of the rights of the parties, we must hold that the plaintiff is entitled to the relief she seeks. Her residence, which was the family homestead long before the coke ovens were repaired and operated by defendant, has, as a result of their use, been greatly depreciated in value, the health of the plaintiff herself has been seriously and injuriously affected, and the comfort and enjoyment of herself and the members of her family and household have been greatly lessened and interfered with by the smoke and noxious gases which almost continuously arise from these ovens when in operation, filling the house, and hovering on and about the grounds.
The law, in such a case, must afford relief of some kind. Whether the plans shown by the evidence to be in use in the coke-oven regions of Pennsylvania in the neighborhood of residences would be effective in this case, or whether the cost of making such a change or improvement would be so great that the defendant would be justified in attempting it, we do not know and are not called upon to decide.
We incline to the opinion that it probably would be practical and effectual. But whether it would or not, something must be done for the relief of the plaintiff.
We have therefore come to the conclusion that an injunction will be allowed against the defendant company, restraining it from the use of the coke ovens as now operated, from and after the first day of April, 1895. We name this date that the defendant company may in the meantime, if it desire to do so, alter the construction or appliances thereof, that they will not further operate as a nuisance to plaintiff and her *262 property. If, however, the defendant does not propose and intend in good faith to make such effort, an earlier date will be fixed by the court at which the injunction will go into effect.
John S. Conner, for Mrs. McClung.
J. H. Cabell, for the Coal and Coke Company.
Clark, C. J., dissents.