OPINION
{¶ 1} Appellant, Parrott Strawser Properties, Inc., appeals a decision of the Warren County Court of Common Pleas, finding in favor of appellees, Robert and Shirley Stoll, in their action for property damages.[1]
 {¶ 2} The Stolls have lived on property they own in Morrow, Ohio since 1975. In 1995 or 1996, appellant began development on a project of approximately 78 to 79 residential lots known as "The Vineyards." The Vineyards development abutted the rear portion of the Stolls' property.
 {¶ 3} In 1996, the Stolls began to experience problems with flooding on their property. According to the Stolls, although there were heavy rains, they did not experience any problems with flooding prior to the Vineyards development. They claim that there were sixteen flooding incidents on their property since the problems began in 1996.
 {¶ 4} In July 1999, the Stolls filed a complaint against appellant for damages caused by the flooding. A jury trial began on November 4, 2002. The jury found in favor of the Stolls for preventative measures in the amount of $585,000 and for annoyance and discomfort in the amount of $175,000.
 {¶ 5} Appellant now appeals the jury's verdict and raises three assignments of error for our review.
 Assignment of Error No. 1 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT'S MOTION FOR A DIRECTED VERDICT."
 Assignment of Error No. 2 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY INSTRUCTING THE JURY THEY COULD RETURN AN AWARD FOR DIMINUTION IN VALUE AS WELL AS REASONABLE COSTS FOR PREVENTIVE MEASURES."
 Assignment of Error No. 3 {¶ 8} "THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} In its first assignment of error, appellant contends that the trial court erred in denying its motion for a directed verdict at the close of the Stolls' case. A directed verdict is proper when the trial court, after construing the evidence most strongly in favor of the nonmoving party, finds that on a determinative issue "reasonable minds could come to but one conclusion upon the evidence submitted," and that conclusion is adverse to the nonmoving party. Civ.R. 50(A)(4). This "reasonable minds" test requires the court to decide only whether there is any "evidence of substantial, probative value in support of the party's claim." Ruta v. Breckenridge-Remy (1982), 69 Ohio St.2d 66, 69.
 {¶ 10} A directed verdict is appropriate where the party opposing it has failed to adduce any evidence on the essential elements of his or her claim. Glover v. Boehm Pressed Steel Co. (1997), 122 Ohio App.3d 702. When the record contains substantial competent evidence favoring the nonmoving party so that reasonable minds might reach different conclusions, the judge must deny the motion. Ramage v. Cent. OhioEmergency Serv., Inc., 64 Ohio St.3d 97, 109, 1992-Ohio-109. A motion for a directed verdict tests the legal sufficiency of the evidence to take the case to the jury and, therefore, presents a question of law, not one of fact. Wagner v. Midwestern Indemn. Co., 83 Ohio St.3d 287,1998-Ohio-111.
 {¶ 11} Appellant moved for a directed verdict on the basis that the Stolls failed to present competent, credible evidence on the issue of pre-injury and post-injury fair market value of their property. Although we note differing standards exist regarding what the recovery limits are for restoration damages, under either theory, a party claiming damage to property is required to present evidence of the fair market value of the property and diminution in value due to damage. See Bartholet v. CarolynRiley Realty, Inc. (1998), 131 Ohio App.3d 23; Reeser v. Weaver Bros.
(1992), 78 Ohio App.3d 681, 691; Denoyer v. Lamb (1984),22 Ohio App.3d 136.
 {¶ 12} At trial, Robert Stoll testified regarding the value of his property. Appellant contends that this testimony was insufficient to establish fair market value before and after injury to the property. An owner of property may opine as to the value of his property because he is presumed to be familiar with the property's value from having purchased or dealt with it. Tokles Sons, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 626; Kohus v. Kohus, Clermont App. No. CA2002-07-055,2003-Ohio-2551.
 {¶ 13} Robert testified that the tax value of his property is around $300,000, but it is worth more than the tax value. He presented three scenarios regarding possible sale of the property. He testified that the property is worth around 1.5 million if he subdivided it into lots and sold it to a developer, and $2,448,000 if divided into smaller lots. He also testified regarding how much the property would be worth if he mined gravel on it. Stoll admitted that these three scenarios are changing the nature of the property.
 {¶ 14} Robert further testified that he knows what the going rate is for property in his area. He stated that his house was worth around $504,000, and the fair market value of the house and property was over $1 million. He estimated that his property had lost about $150,000 in value because of the damage.
 {¶ 15} Appellant focuses on Robert's answer to a question on cross-examination regarding whether he understood what the term "fair market value" meant, and the fact that Stoll stated that he did not do any research on what other homesteads in the area were selling for. However, on re-direct examination, the term "fair market value" was explained to Stoll and he answered questions regarding the value of the property. In addition, although Stoll stated that he had not done any research on what other homesteads in the area were going for, he stated that he knew what the going rate of property in the area was. We find that Stoll's testimony presented competent evidence on the fair market value and diminution in value of the property. Any issues of credibility of the testimony were for the trier of fact to decide. Appellant's first assignment of error is overruled.
 {¶ 16} In its second assignment of error, appellant argues that the trial court erred by instructing the jury that they could return an award for diminution in value and costs for preventing future damage. The trial court instructed the jury that it could award damages under three categories: 1) for diminution in value of the property; 2) for the reasonable cost of preventative measures (restoration costs); and 3) for annoyance and discomfort. Appellant argues that an award for both diminution in value and for reasonable cost of preventative measures would amount to a double recovery.
 {¶ 17} When determining if there were errors in a jury instruction, "a reviewing court must consider the jury charge as a whole and `must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights.'"Kokitka v. Ford Motor Co., 73 Ohio St.3d 89, 93, 1995-Ohio-84, quotingBecker v. Lake Cty. Mem. Hosp. W. (1990), 53 Ohio St.3d 202, 208.
 {¶ 18} Appellant failed to object to the jury instructions on this basis. Appellant objected to the instructions on the basis that restoration costs should be limited to diminution in value or cost of repair, whichever was less. Appellant also objected on the basis that no instruction should have been given for diminution in value because there was no competent, credible evidence regarding fair market value. No objection was made regarding limiting damages to either diminution or restoration.
 {¶ 19} Pursuant to Civ.R. 51(A), "[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Accordingly, a party may not challenge a jury instruction on appeal unless a specific objection is raised prior to deliberations. SeeSchade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, paragraph one of the syllabus. Because appellant failed to object to the jury instructions on the basis of a possible double recovery, it has waived any objection to the jury instructions, absent plain error. Id. at 209.
 {¶ 20} Plain error occurs when, but for the error, the outcome of the trial clearly would have been otherwise. Doyle v. Fairfield MachineCo., Inc. (1997), 120 Ohio App.3d 192. In the application of the plain error doctrine in a civil case, this Court must "proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice[.]" Goldfuss v. Davidson,79 Ohio St.3d 116, 121, 1997-Ohio-401.
 {¶ 21} The jury did not ultimately award both categories of damages. As mentioned above, the jury awarded $585,000 for the cost of preventative measures and $175,000 for annoyance and discomfort. The jury did not award damages for diminution in value. Thus, any error in the instructions did not rise to the level of plain error, and in fact, was harmless because the Stolls did not receive a double recovery.
 {¶ 22} Appellant also objects to the trial court's jury instruction on costs of preventing future harm because there was not competent, credible evidence of pre and post injury fair market value. As discussed in the first assignment of error, Robert Stoll's testimony was sufficient to establish fair market value and the diminution in value. Appellant's second assignment of error is overruled.
 {¶ 23} In its third assignment of error, appellant contends that the jury's verdict was against the manifest weight of the evidence. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279, 280. It must be remembered, however, that the weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. Polly v. Coffey, Clermont App. No. CA2002-06-047, 2003-Ohio-509, at ¶ 34. The trier of fact's decision is entitled to deference because the trier of fact is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 24} Appellant argues that the verdict was against the manifest weight because Robert Stoll's testimony was insufficient to establish fair market value and diminution in value. Again, as discussed in the first assignment of error, the property owner's testimony on this issue was sufficient to establish the property's value. Any issues of credibility or reliability were for the jury to determine.
 {¶ 25} Appellant also argues that the jury's award of $175,000 for discomfort and annoyance was excessive and unsupported by the evidence. However, the evidence presented at trial establishes that there were 16 overflows on the Stolls' property. On some of these occasions, the Stolls were unable to leave the property and to get to work. The testimony also established that cleanup was necessary after the flooding incidents and the front yard was destroyed several times. After each flooding incident, the Stoll family spent two or three days of time and effort cleaning up and raking debris, including sapplings, logs and limbs, and brush. Testimony was also presented that the Stolls are unable to use their back field because they lost use of a pond due to flooding. Other evidence was presented to show the family had to clean up items that were washing onto their property from an old dump. Testimony established that there are about four acres of property that the family cannot use, four-wheeler trails were lost, and a rear entrance to the property is not usable.
 {¶ 26} Finally, Robert Stoll testified that the family now worries each time it rains, wondering whether they will be able to get out the driveway and hoping that there are no emergencies requiring them to leave. The jury was able to evaluate this evidence, watch videotapes of the damage and to view photographs. Considering all of the evidence, we cannot say that the jury's award on this issue was against the manifest weight of the evidence. Appellant's third assignment of error is overruled.
 Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] The Stolls voluntarily dismissed their cross-appeal of the trial court's decision.