BANFORD ET AL.; FERGUSON, APPELLEE, *v*. ALDRICH CHEMICAL

COMPANY, INC., APPELLANT.

[Cite as *Banford v. Aldrich Chem. Co., Inc.*,

126 Ohio St.3d 210, 2010-Ohio-2470.]

*Nuisance — Damages for annoyance and discomfort must be based on physical*

*discomfort — Fear not separately compensable — Limitation of damages*

*to those arising from particular explosion and evacuation upheld.*

(No. 2009-0305 — Submitted December 16, 2009 — Decided June 9, 2010.)

APPEAL from the Court of Appeals for Montgomery County, No. 22600,

180 Ohio App.3d 107, 2008-Ohio-6837.

_____

**LUNDBERG STRATTON, J.**

**{¶ 1}** We must determine whether a plaintiff must present evidence of physical discomfort to recover damages for annoyance and discomfort in a nuisance claim. In addition, we must determine whether the trial court properly limited evidence at trial regarding plaintiffs' fears and concerns about future harm.

**{¶ 2}** This case involved a trial on proximate cause and damages only, resulting from the evacuation of residents within a one-mile radius of a factory following an explosion. The defendant did not contest liability, and the court granted judgment in favor of the plaintiffs on the existence of a nuisance. The plaintiffs alleged no personal injuries. The case went to the jury on claims for out-of-pocket expenses and damages for the loss of use of property and annoyance and discomfort as a result of the explosion and evacuation only.

**{¶ 3}** Before trial, the court ruled that evidence would be limited to the explosion and the 24-hour period of evacuation, that the plaintiffs must

demonstrate physical discomfort in order to recover damages for annoyance and discomfort, and that fear alone would not be an independent item of damages. We agree. Therefore, for the reasons that follow, we hold that in order to recover damages for annoyance and discomfort in a nuisance claim, a plaintiff must establish that the nuisance caused physical discomfort. We also hold that the trial court did not abuse its discretion when it limited evidence to damages resulting from the explosion and evacuation. We reverse the judgment of the court of appeals and reinstate the trial court's judgment.

**Facts and Procedural History**

{¶ 4} Appellant, Aldrich Chemical Company, Inc., owned Isotec, a factory that distilled nitric oxide, a hazardous chemical. On September 21, 2003, at approximately 10:00 a.m., there was an explosion at the Isotec factory followed by a shock wave. One Isotec employee suffered cuts on his hand, but no other employees were injured. Local emergency-services personnel evacuated residents living within a one-mile radius of the factory as a precautionary measure. Residents were permitted to return home approximately 24 hours later. Approximately three months later, Aldrich permanently ceased operations at Isotec.

{¶ 5} On December 1, 2003, Christine Banford and Doug Graeser, individually and on behalf of all others who lived and owned property within one mile of Isotec, filed a class-action complaint (case No. 03CV-8704) against Aldrich Chemical Company, Inc. and Aldrich Chemical Company, Inc., d.b.a. Isotec ("Aldrich") for damages sustained as a result of the explosion and evacuation. The trial court certified a limited class of homeowners and lessees in a partial class action. There were other complaints filed by other residents based

on the same facts and circumstances.[1] The trial court consolidated the cases for purposes of pretrial and trial proceedings.

{¶ 6} The court ordered the case to proceed in four parts. The first phase was to determine liability as to the entire class. The second phase was to determine individual compensatory damages. The third and fourth phases involved a class determination of liability for punitive damages and, if necessary, an amount of punitive damages. The trial court eventually dismissed all claims for negligent infliction of emotional distress because the plaintiffs had failed to produce sufficient evidence of severe and debilitating emotional injury. The claims that remained included negligence, strict liability for engaging in an ultrahazardous activity, and nuisance.

{¶ 7} Prior to trial, Aldrich decided not to contest liability, which eliminated the need to conduct Phase I of the case. In April 2007, the case proceeded to trial on Phase II with a randomly selected group of plaintiffs presenting their damages claims for out-of-pocket evacuation expenses, loss of use of property, and annoyance and discomfort.[2]

{¶ 8} In advance of trial, the court ruled that only evidence regarding proximate cause and damages resulting from the explosion and evacuation would be admissible, and that evidence regarding events outside the 24-hour evacuation period, such as prior accidents at Isotec and public discussions after the evacuation, would be inadmissible unless the evidence related to the explosion and evacuation.

{¶ 9} The court considered additional briefing on whether physical discomfort was required to recover damages for annoyance and discomfort. Before trial, the court ruled that the law required that the plaintiffs demonstrate

---

1. Susan Grooms and others filed case No. 05CV-7221, and Patricia Gray and others filed case No. 06CV-4053.

2. Some class members had participated in a claims-reimbursement process.

physical discomfort in order to recover damages for annoyance and discomfort. Fear alone would not be an independent item of damage, but evidence of fear could be admissible if relevant to other factual issues.

{¶ 10} At trial, plaintiffs testified about their fears and concerns to the extent that they were relevant to the explosion and evacuation. However, the court gave the jury the following limiting instruction:

{¶ 11} "Let me explain to the jury, in this trial one of the items that is not the subject of a damage calculation by the jury are the fears or the subjective concerns of the homeowners, and there may be testimony in upcoming witnesses that may have relevance in a limited degree with respect to other testimony, but just so you understand at this point you are not to be – you will not be awarding any damages based upon any of the individual homeowner's internal fears or concerns."

{¶ 12} Appellee, Taylor Ferguson, age ten at the time of the explosion, testified that she was visiting a friend when the explosion occurred. Her friend's mother sent the girls to a basement crawl space following the explosion "for about five or six minutes." Ferguson testified that "it was really weird," "everybody was upset," and "it was just really awkward." She also testified that she was upset, worried, and concerned about her parents. Ferguson and her parents spent the night at her grandparents' house.

{¶ 13} The jury returned verdicts in favor of individual plaintiffs in amounts ranging from $35 to $625. The jury awarded Taylor Ferguson damages of $100 for annoyance and discomfort for the period before the evacuation.

{¶ 14} Only Ferguson appealed. She asserted that the trial court erred when instructing the jury that the fears or subjective concerns of the homeowners would not be subject to a damage calculation and that fear alone was not an item of compensable damages. In addition, Ferguson asserted that the court erred when instructing the jury that there must be "an appreciable, substantial, tangible

harm resulting in actual, material physical discomfort" for a plaintiff to recover damages for annoyance and discomfort. Ferguson also asserted that the court should have permitted plaintiffs to recover for the loss of use and enjoyment of their property for any period after the 24-hour evacuation period.

{¶ 15} The court of appeals reversed and remanded.

{¶ 16} The cause is before this court upon the acceptance of a discretionary appeal. 121 Ohio St.3d 1499, 2009-Ohio-2511, 907 N.E.2d 323.

### Proposition of Law I

{¶ 17} The first issue before us is whether a plaintiff must present evidence of physical discomfort to recover damages for annoyance and discomfort in a nuisance claim. " 'Nuisance' is a term used to designate the wrongful invasion of a legal right or interest. It comprehends not only the wrongful invasion of the use and enjoyment of property, but also the wrongful invasion of personal legal rights and privileges generally." *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 431-432, 28 O.O. 369, 55 N.E.2d 724. For there to be an action for nuisance, the injury must be real, material, and substantial. *Eller v. Koehler* (1903), 68 Ohio St. 51, 55, 67 N.E. 89. Damages for nuisance may include diminution in the value of the property, costs of repairs, loss of use of the property, and compensation for annoyance, discomfort, and inconvenience. *Widmer v. Fretti* (1952), 95 Ohio App. 7, 16-17, 52 O.O. 343, 116 N.E.2d 728; *Ohio Stock Food Co. v. Gintling* (1926), 22 Ohio App. 82, 153 N.E. 341.

{¶ 18} In this case, the trial court instructed the jury to consider three categories of damages: loss of use of property, annoyance and discomfort, and evacuation expenses. Regarding annoyance and discomfort, the trial court instructed:

{¶ 19} "By a preponderance of the evidence, you will determine whether the plaintiffs suffered any personal annoyance and discomfort as a proximate

result of the explosion and/or evacuation and, if so, what reasonable amount of money, if any, Aldrich ought to pay to the plaintiffs for that discomfort and annoyance.

{¶ 20} "When considering annoyance and discomfort damages, no precise rule for ascertaining the damage can be given as, in the very nature of things, the degree of personal annoyance and discomfort is not susceptible to exact measurement. However, a plaintiff may not recover for trifling annoyance and unsubstantiated or unrealized fears. There must be an appreciable, substantial, tangible harm resulting in actual, material physical discomfort. However, the plaintiffs need not demonstrate bodily injury to establish physical discomfort. Furthermore, evidence of pecuniary loss is not required to recover damages for discomfort and annoyance.

{¶ 21} "Fear, standing alone, is not an item of compensable damages. However, testimony of fear may be considered for the limited purpose of determining whether the plaintiffs have suffered the compensable items of damages of loss of use of property and annoyance and discomfort as defined by the Court."

*The requirement of physical discomfort*

{¶ 22} The trial court's instruction requiring *physical* discomfort followed the standard in *Antonik v. Chamberlain* (1947), 81 Ohio App. 465, 37 O.O. 305, 78 N.E.2d 752. *Antonik* involved whether a private airport constituted a nuisance to nearby residents and should be enjoined. The Summit County Court of Appeals, in deciding whether the airport constituted a nuisance, stated that a private nuisance "generally turns on the factual question whether the use to which the property is put is a reasonable use under the circumstances, and whether there is 'an appreciable, substantial, tangible injury resulting in actual, material, physical discomfort, and not merely a tendency to injure. It must be real and not fanciful or imaginary, or such as results merely in a trifling annoyance,

6

inconvenience, or discomfort.'" Id. at 476, quoting 39 American Jurisprudence, Nuisance, Section 30.

{¶ 23} The Cuyahoga County Court of Appeals followed *Antonik* in *Schoenberger v. Davis* (June 23, 1983), Cuyahoga App. No. 45611, 1983 WL 5501, in evaluating both the existence of a nuisance and damages in a dispute between neighbors over a driveway. Id. at *3. In *Bullock v. Oles* (Sept. 24, 2001), Mahoning App. No. 99CA223, 2001 WL 1199858, the Mahoning County Court of Appeals similarly analyzed damages for nuisance. In *Bullock*, the county board of health had declared that runoff from a defective septic tank into the Bullocks' property constituted a nuisance. At trial, the plaintiffs testified that they were unable to use their back yard and swimming pool, that their grandchildren were unable to play in the yard, and that Mr. Bullock had to wear a mask while mowing grass and suffered from nausea, headaches, and fatigue. The court of appeals concluded that this testimony sufficiently supported an award of damages for inconvenience, annoyance, and physical discomfort.

{¶ 24} Aldrich relies on *Antonik* and its progeny as authority for its position that physical discomfort is necessary in order to recover for annoyance and discomfort. Ferguson contends that *Antonik* applies to determine the existence of a nuisance, but not damages after a nuisance is already established. Because Aldrich has admitted the existence of a nuisance, Ferguson claims that she need not reach that threshold of physical discomfort and may recover for fears or emotions without a physical component.

{¶ 25} This argument, however, is logically inconsistent. If the existence of a nuisance depends upon "an appreciable, substantial, tangible injury resulting in actual, material, physical discomfort," then it logically follows that the element of physical discomfort must be present for a plaintiff to have been damaged by the nuisance. The same standard must apply whether evaluating the existence of a nuisance or evidence of the damages caused by the nuisance. In this case,

although Aldrich accepted legal responsibility for its actions, the legal standard for the existence of the nuisance must likewise apply to a determination of damages.

{¶ 26} A physical component is implied in much of our case law that discusses damages for annoyance and discomfort. In the cases that have awarded damages for annoyance and discomfort, the type of the nuisance had affected a person's senses, resulting in physical discomfort. "Cases supporting recovery for personal discomfort or annoyance involve either excessive noise, dust, smoke, soot, noxious gases, or disagreeable odors as a premise for awarding compensation." *Widmer v. Fretti*, 95 Ohio App. at 18, 52 O.O. 343, 116 N.E.2d 728. These conditions affect one's sight, sound, smell, hearing, or touch, which may cause a physical discomfort. See *McClung v. N. Bend Coal & Coke Co.* (1895), 9 Ohio C.C. 259 (smoke, soot, or gases upon the plaintiff's property caused physical discomfort or injury); *Frey v. Queen City Paper Co.* (1946), 79 Ohio App. 64, 34 O.O. 454, 66 N.E.2d 252 (smokestack blew coal particles over the plaintiff's house, clothing, and even food); *Miller v. Horn* (June 28, 1996), Clark App. No. 95-CA-113, 114, 1996 WL 354756 (odors from nearby kennel caused gagging); *Bullock v. Oles*, Mahoning App. No. 99CA223, 2001 WL 1199858 (defective septic tank that discharged into neighbor's yard caused nausea, headaches, and fatigue); *Polster v. Webb* (June 21, 2001), Cuyahoga App. No. 77523, 2001 WL 703875 (damages for annoyance and discomfort caused by the dirt, noise, and smell entering plaintiffs' residence from nearby nuisance).

{¶ 27} In cases in which courts have determined that circumstances did not rise to the level of nuisance and refused to award damages for annoyance and discomfort, the offending situation had no effect on the senses and thus no physical component of annoyance and discomfort. *Rautsaw v. Clark* (1985), 22 Ohio App.3d 20, 22 OBR 54, 488 N.E.2d 243 (no nuisance or injury from trees

that grew onto a neighbor's fence); *Schoenberger v. Davis*, Cuyahoga App. No. 45611, 1983 WL 5501 (no nuisance or damages to a homeowner when neighbor placed railroad ties and surveyor stakes over driveway that infringed on the homeowner's property).

{¶ 28} It has long been recognized that a nuisance must materially interfere with physical comfort. *Weishann v. Kemper* (1928), 27 Ohio N.P.(N.S.) 269, 278. " 'The discomforts must be physical, not such as depend upon taste or imagination. But whatever is offensive physically to the senses, and by such offensiveness makes life uncomfortable, is a nuisance * * *.' " Id., quoting *Cleveland v. Citizens Gas Light Co.* (1869), 20 N.J.Eq. 201, 205-206, 1869 WL 4209. Consequently, we hold that in order to recover damages for annoyance and discomfort in a nuisance claim, a plaintiff must establish that the nuisance caused physical discomfort.

*Fear and emotional harm alone are insufficient for damages*
*for annoyance and discomfort*

{¶ 29} In Ohio, a person may pursue a claim for damages for emotional distress without manifestation of physical injury. *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759. This is premised upon a negligent or intentional act that results in emotional injuries that are foreseeable. Id. The emotional injury or distress must be beyond trifling mental disturbance, mere upset, or hurt feelings. It must be both severe and debilitating. Id. at 78. Here, the plaintiffs' claims for emotional distress were dismissed because they did not rise to the compensable level of severe and debilitating.

{¶ 30} Nuisance, however, involves a restriction or infringement upon the use and enjoyment of property. *Columbus Gas Light & Coke Co. v. Freeland* (1861), 12 Ohio St. 392. It must cause damages that are real, material, and substantial. Id. A plaintiff may seek damages for decrease in the value of property, for the loss of use of the property, and for discomfort and annoyance

that are related to the use of the property. *Frey v. Queen City Paper Co*., 79 Ohio App. 64, 34 O.O. 454, 66 N.E.2d 252. For instance, a person may recover for annoyance and discomfort for a nuisance, including fear and other emotions, without a physical component if the annoyance or discomfort are connected to the person's loss of use or loss of enjoyment of property. In *Stoll v. Parrott & Strawser Properties, Inc*., Warren App. No. CA2002-12-133, 2003-Ohio-5717, 2003 WL 22427815, ¶ 25, the jury awarded damages for annoyance and discomfort that the plaintiffs experienced in the use and enjoyment of their property. The plaintiffs testified that they had been unable to leave their property when it flooded due to work in a nearby development. After each flooding incident, they spent two to three days cleaning up debris in their yard.

{¶ 31} In the case before us, the Phase II trial involved proximate cause and damages only. To facilitate the trial, the court narrowed the issues and focused on the evidence necessary for the plaintiffs to establish the categories of damages available. Prior to trial, the court had the parties brief the law on damages for annoyance and discomfort. The court carefully explained its reasoning behind the jury instruction on damages in light of the limited issues before the court in Phase II. Because the existence of a nuisance was not before the jury, the jury had no instruction to address the legal elements of nuisance. The trial court decided that the jury should be instructed on what was meant by damages for annoyance and discomfort under the facts of this case and how to measure those damages. The court concluded that the instruction from former Ohio Jury Instructions Section 345.13, now (2009) Section 621.13.4, was insufficient because it did not limit damages for annoyance and discomfort.

{¶ 32} During the trial, the court allowed the plaintiffs to testify about their emotions, fears, and concerns so long as the evidence was kept within the limits of the precipitating event of the explosion and the subsequent evacuation. We cannot say that under the circumstances of this case, the court abused its

discretion when it instructed the jury that physical discomfort was necessary to support damages for annoyance and discomfort and that fear alone was not compensable.

**Proposition of Law II**

{¶ 33} In the second proposition of law, Aldrich contends that the trial court properly excluded evidence regarding prior incidents that had occurred at Isotec and town hall meetings that were conducted after the explosion and evacuation. The plaintiffs had sought to introduce these events as evidence of a continuing nuisance and their alleged loss of use and personal annoyance and discomfort for the period of time after the explosion until December 2003, when Aldrich ceased operations at Isotec. The trial court ruled that such evidence was not relevant to Phase II issues of proximate cause and damages and that it was inadmissible per Evid.R. 403 because its probative value would be substantially outweighed by unfair prejudice.

{¶ 34} Prior to trial, the court addressed several evidentiary motions regarding the admissibility of evidence. Regarding Aldrich's motion to exclude evidence of damages occurring outside the established 24-hour evacuation period, the court agreed that, theoretically, the plaintiffs may have suffered annoyance and discomfort before the evacuation that may have continued after the evacuation period. However, the court ruled that testimony regarding damages outside the 24-hour evacuation period would be admissible only if the damage resulted from the explosion or evacuation.

{¶ 35} At trial, the plaintiffs proffered evidence that there had been a previous explosion at Isotec in 1995 and a leak in 1998 and that these incidents had been discussed within the community at town meetings following the 2003 explosion. Some plaintiffs intended to testify that the information they learned at the town meetings increased their fears and added to their annoyance and discomfort.

{¶ 36} Ferguson contends that this evidence is relevant to the scope of damages because the nuisance was not just the explosion and evacuation but also Isotec's ongoing operations that continued until December 2003. Ferguson argues that plaintiffs should be entitled to produce evidence of annoyance and discomfort, including fear, until the nuisance was abated.

{¶ 37} The precipitating event of this nuisance was the isolated explosion that resulted in a precautionary evacuation for 24 hours. For there to be a continuing nuisance, the tortious conduct must be ongoing and generating new violations. *Kramer v. Angel's Path, L.L.C.*, 174 Ohio App.3d 359, 2007-Ohio-7099, 882 N.E.2d 46, ¶ 18. The plaintiffs did not allege any subsequent explosions. Instead, Ferguson relies on unrelated prior events at Isotec unknown to plaintiffs at the time and on comments made during subsequent town hall meetings that generated ongoing fears and concerns about Isotec operations in general. However, unsubstantiated or unrealized fears are not compensable damages under a theory of nuisance. *Miller v. Horn,* Clark App. Nos. 95-CA-113, and 95-CA-114, 1996 WL 354756. The trial court also properly concluded that these events were not related to the explosion and evacuation and were inadmissible per Evid.R. 403.

{¶ 38} The admission of evidence is within the discretion of the trial court. *State ex rel. Elsass v. Shelby Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 529, 533, 751 N.E.2d 1032. The trial judge is in a significantly better position to analyze whether testimony or evidence is relevant or irrelevant and the impact of the evidence on the jury; thus the court's decision will be reversed only upon a showing of an abuse of discretion. *Renfro v. Black* (1990), 52 Ohio St.3d 27, 31, 556 N.E.2d 150. "Abuse of discretion" implies that the court acted in an unreasonable, arbitrary, or unconscionable manner. *State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584. The abuse of discretion

must materially prejudice a party in order for the trial court's decision to be reversed. *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 66, 567 N.E.2d 1291.

{¶ 39} The trial court organized this multiparty litigation in phases, and the parties knew in advance that Phase II would involve issues relating to proximate cause and damages only. The court ruled that Phase II would not address the cause of the explosion (Phase I) or issues related to punitive damages (Phases III and IV). The claims for negligent infliction of emotional distress had already been dismissed because of insufficient evidence.

{¶ 40} In pretrial rulings, the court addressed the extent of the Phase II evidentiary issues. After the parties filed pretrial briefs on the extent of damages for annoyance and discomfort in a nuisance claim, the trial court ruled that evidence that related to the cause of the explosion, prior incidents at Isotec, and events that occurred after the evacuation period were not relevant to Phase II compensatory damages and, therefore, were inadmissible. Thus, the court properly limited testimony to damages resulting from the explosion and evacuation. Evidence regarding Isotec's past history and prior events that may have occurred at the factory would have had no impact on Ferguson's annoyance and discomfort experienced during the explosion and evacuation. In addition, comments made at town meetings following the 24-hour evacuation period likewise would not be relevant to these damages. The trial court recognized that this nuisance arose from a single explosion and was not ongoing. Therefore, the trial court did not abuse its discretion when it limited the evidence to damages resulting from the explosion and evacuation.

## Conclusion

{¶ 41} The trial court properly instructed the jury on damages for annoyance and discomfort in a nuisance claim and did not abuse its discretion when it limited evidence to damages resulting from the explosion and evacuation. Consequently, we reverse the judgment of the court of appeals.

Judgment reversed.

O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER and O'CONNOR, JJ., concur in part and dissent in part.

BROWN, C.J., not participating.

_____

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 42} The most salient issue in the case before us is that the defendant-appellant, Aldrich Chemical Company, Inc., did not contest liability as to nuisance. The majority underemphasizes that fact. In admitting nuisance, Aldrich admits "the wrongful invasion of the use and enjoyment of property, [and] also the wrongful invasion of personal legal rights and privileges generally." *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 432, 28 O.O. 369, 55 N.E.2d 724. It has admitted that it has caused "material and substantial" injury. *Eller v. Koehler* (1903), 68 Ohio St. 51, 55, 67 N.E. 89. The plaintiffs did not have to prove the elements of their cause of action – they had to prove their damages.

{¶ 43} The proper inquiry in a nuisance claim is not whether the discomfort or annoyance was *physical*, but rather whether it was *substantial*: "There is liability for a nuisance only to those to whom it causes significant harm, of a kind that would be suffered by a normal person in the community or by property in normal condition and used for a normal purpose." 4 Restatement of the Law 2d, Torts (1979), Section 821F. Again, in admitting nuisance, Aldrich has already admitted that the plaintiffs met this threshold, i.e., that the harm they suffered was sufficient to constitute nuisance. It was for the jury to determine how the plaintiffs would be compensated for the harm they suffered.

{¶ 44} The admission of nuisance made the trial judge's instruction from 3 Ohio Jury Instructions (2006), Section 345.13(2) and (4), particularly applicable. The OJI jury instruction makes a determination of any damages from

14

annoyance and discomfort the next step *after* determining the existence of a nuisance and the nuisance's proximate cause of damages to the plaintiff:

**{¶ 45}** "ANNOYANCE AND DISCOMFORT. If you find by the greater weight of the evidence that the defendant created a nuisance and the nuisance proximately caused damages to the plaintiff, you will further decide whether the plaintiff suffered personal annoyance and discomfort. When considering annoyance and discomfort damages, no precise rule for ascertaining the damage can be given as, in the very nature of things, the degree of personal annoyance and discomfort is not susceptible to exact measurement. Therefore, you must decide what the plaintiff should have in money, if any, and what the defendants ought to pay, if any, in view of the discomfort or annoyance to which the plaintiff may have been subjected." Section 345.13(4).

**{¶ 46}** The OJI instruction does not include a requirement of physical discomfort, nor should it. This court has never required physical discomfort in the calculation of a damages award in a nuisance claim. Further, in regard to damages for wrongful invasions of property, the Restatement says nothing about a requirement of physical discomfort to the plaintiff in order for the plaintiff to recover damages for annoyance and discomfort — it merely states that one element of damages is "discomfort and annoyance" to occupants. 4 Restatement of the Law 2d, Torts, Section 929(1)(c). In commenting about those damages, the Restatement establishes a delineation between bodily harm and discomfort and annoyance:

**{¶ 47}** "Discomfort and annoyance to an occupant of the land and to the members of the household are distinct grounds of compensation for which in ordinary cases the person in possession is allowed to recover in addition to the harm to his proprietary interests. He is also allowed to recover for his own serious sickness or other substantial bodily harm * * *." Comment e to Section 929(1)(c).

**{¶ 48}** The plaintiffs' fear and anxiety should have been considered by the jury as part of damages for annoyance and discomfort. Mental reactions to an invasion of property can form a legitimate basis to prove a nuisance claim. "In determining whether the harm would be suffered by a normal member of the community, fears and other mental reactions common to the community are to be taken into account, even though they may be without scientific foundation or other support in fact." Restatement, Section 821F, Comment f.

**{¶ 49}** Plaintiffs still must prove that their discomfort and annoyance — caused entirely by fear or anxiety or not — was worthy of a monetary award. I agree with the appellate court below that "internal fears and concerns should neither be excluded as potential elements of the annoyance damages nor segregated as discrete components of annoyance damages," 180 Ohio App.3d 107, 2008-Ohio-6837, 904 N.E.2d 582, ¶ 108, and thus dissent from the majority's holding regarding Proposition of Law I.

**{¶ 50}** Since fear and anxiety were factors the jury should have considered in regard to damages for discomfort and annoyance, the jury should have been able to consider evidence of fear and anxiety that continued from the time of the explosion through the abatement of the nuisance three months later. All of the bases of that fear, including evidence of prior incidents shared at town meetings after the explosion and evacuation, should have been admitted into evidence. The jury should have been able to consider how the Aldrich plant's checkered history affected the plaintiffs after the explosion. Accordingly, I dissent from the majority's holding regarding Proposition of Law II.

O'CONNOR, J., concurs in the foregoing opinion.

_____

Dyer, Garofalo, Mann & Schultz, John A. Smalley, and Jeffrey G. Chinault; Leppla Associates and Taylor Jones Jr.; CR Washington Co., L.P.A.,

and Cheryl R. Washington; and Behnke, Martin & Schulte, Richard W. Schulte, and Stephen D. Behnke, for appellee.

Faruki, Ireland & Cox, P.L.L., Martin A. Foos, and Charles J. Faruki; and Thompson Coburn, L.L.P, and Gordon L. Ankney, for appellant.

_____