[Cite as *Becker v. Cardinal Health, Inc.*, 2021-Ohio-3804.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kelly Becker et al., | : | |
| Plaintiffs-Appellants, | : | No. 20AP-424 |
| | | (C.P.C. No. 19CV-1242) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Cardinal Health, Inc., | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 26, 2021

**On brief:** *Cooper & Elliott, LLC, Charles H. Cooper, Jr., Rex H. Elliott,* and *C. Benjamin Cooper*; *Consovoy McCarthy PLLC,* and *John M. Connolly*, pro hac vice, for appellants. **Argued:** *John M. Connolly.*

**On brief:** *Porter Wright Morris & Arthur LLP, James A. King, C. Darcy Jalandoni,* and *Jill G. Okun*; *Williams & Connolly, LLP,* and *George A. Borden*, pro hac vice, for appellee. **Argued:** *George A. Borden.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiffs-appellants, Kelly Becker and Janelle Carroll, appeal from a decision and entry of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee, Cardinal Health, Inc. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} On February 11, 2019, appellants filed a complaint as representatives for a proposed class against Cardinal Health related to Cardinal Health's distribution of prescription opioids. Appellants do not allege they were prescribed or otherwise used the prescription opioids. Rather, appellants alleged in their complaint that Cardinal Health's

practices in the distribution of prescription opioids contributed to the opioid epidemic in Ohio and, as a result, caused appellants' health insurance costs to increase. Appellants sought certification of a class comprised of "[a]ll current Ohio citizens (including natural persons and entities) who purchased health insurance policies in Ohio from 1996 through the present; and all current Ohio citizens who paid for any portion of employer-provided health insurance from 1996 through the present." (Compl. at ¶ 72.) In their complaint, appellants set forth six distinct causes of action: (1) violations of Ohio's Consumer Sales Protection Act ("CSPA"), (2) injury through criminal acts, (3) public nuisance, (4) unjust enrichment, (5) negligence, and (6) tortious interference with prospective economic advantage.

{¶ 3} Cardinal Health responded to the complaint with an April 15, 2019 motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). Specifically, Cardinal Health argued appellants' claims failed as a matter of law because the claims were wholly derivative of the personal injuries suffered by individual opioid users, appellants failed to plead proximate cause, and the economic loss doctrine bars appellants tort claims. Additionally, Cardinal Health argued the individual claims suffered their own deficiencies and should be dismissed. Appellants responded in a memorandum in opposition to Cardinal Health's motion to dismiss filed May 13, 2019. Cardinal Health filed a reply on May 31, 2019.

{¶ 4} In an August 28, 2020 decision and entry, the trial court granted Cardinal Health's motion to dismiss the complaint. The trial court agreed with Cardinal Health that the claims must fail as a matter of law because they were wholly derivative of the personal injuries of individual opioid users. Additionally, the trial court found appellants failed to adequately plead the individual causes of action. Thus, the trial court dismissed with prejudice appellants' complaint. Appellants timely appeal.

## II. Assignments of Error

{¶ 5} Appellants assign the following errors for our review:

> 1. The trial court erred when it dismissed Plaintiffs' complaint on the grounds that their claims were "remote and wholly derivative of the alleged harm of other insured."

2. The trial court erred when it dismissed Plaintiffs' Ohio Consumer Sales Protection Act claim for failure to state a claim.

3. The trial court erred when it dismissed Plaintiffs' injury through criminal acts claim for failure to state a claim.

4. The trial court erred when it dismissed Plaintiffs' public-nuisance claim for lack of standing and failure to state a claim.

5. The trial court erred when it dismissed Plaintiffs' unjust enrichment claim for failure to state a claim.

6. The trial court erred when it dismissed Plaintiffs' negligence claim for failure to state a claim.

7. The trial court erred when it dismissed Plaintiffs' tortious interference with prospective economic advantage claim for failure to state a claim.

For ease of discussion, we address appellants' assignments of error out of order.

## III.  Standard of Review and Applicable Law

{¶ 6}    Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint.  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975).  In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief.  *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.).  When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo.  *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

## IV.  Second Assignment of Error – CSPA Claim

{¶ 7}    In their second assignment of error, appellants argue the trial court erred in dismissing their CSPA claim for failure to state a claim.  Pursuant to the CSPA, "[n]o

supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction."  R.C. 1345.02(A).  "Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."  R.C. 1345.02(A).

{¶ 8}    Here, the trial court determined dismissal of the CSPA claim was warranted because appellants did not allege they entered into a "consumer transaction" with Cardinal Health.  We agree.  As this court has previously noted, a CSPA claim "must allege that the 'deceptive act' committed by the defendant, a 'supplier,' was 'in connection with a consumer transaction."  *Logan v. Access Ohio LLC*, 10th Dist. No. 20AP-422, 2021-Ohio-3219, ¶ 11, citing R.C. 1345.02(A).  Pursuant to R.C. 1345.01(A), a "consumer transaction" is "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things."

{¶ 9}    Appellants argue the trial court erroneously imposed a requirement that appellants must allege privity of contract between the consumer and the supplier under the CSPA.  However, though we agree with appellants that privity of contract is not required to state a claim under the CSPA, we are mindful that, here, appellants did not allege they engaged in any consumer transaction with Cardinal Health.  *See Michelson v. Volkswagen Aktiengesellschaft*, 8th Dist. No. 105960, 2018-Ohio-1303, ¶ 10 (noting that for the CSPA to be applicable, " 'the defendant must have *some connection* to the consumer transaction in question in order to be liable as a supplier for deceptive practices which violate the [CSPA]' ") (emphasis added), quoting *Garner v. Borcherding Buick, Inc.*, 84 Ohio App.3d 61, 64 (1st Dist.1992).

{¶ 10} Construing their complaint in a light most favorable to appellants, appellants alleged two categories of transactions: (1) the transactions between appellants and their health insurers, and (2) the transactions between Cardinal Health and the pharmacies to which it distributed prescription opioids.  As to the first category of transactions, appellants do not allege Cardinal Health had any connection to their transactions with their health insurance companies.  Indeed, the CSPA specifically excludes transactions between insurance companies and their customers from the definition of "consumer transaction." *See Dillon v. Farmers Ins. of Columbus, Inc.*, 145 Ohio St.3d 133, 2015-Ohio-5407, ¶ 22

("R.C. 1345.01 establishes that transactions between insurance companies and their customers are not consumer transactions."). As to the second category of transactions, appellants do not allege they are "consumers" within the meaning of the CSPA such that they engaged in the consumer transaction between Cardinal Health and the pharmacies to which it distributes prescription opioids. *See* R.C. 1345.01(D) (defining "consumer" as "a person who *engages in* a consumer transaction with a supplier") (emphasis added). By the terms of appellants' complaint, Cardinal Health neither manufactures opioids nor sells them to individual consumers. Instead, Cardinal Health acts as a wholesaler distributor between the opioid manufacturers and the pharmacies dispensing the prescriptions. We decline to construe appellants' complaint as somehow creating a third type of transaction that blends together the purchasers of health insurance with the wholesale distributors of prescription opioids such that the CSPA would apply.

{¶ 11} For these reasons, appellants failed to allege they engaged in any transaction with Cardinal Health such that Cardinal Health would be subject to the CSPA. Thus, the trial court did not err in dismissing appellants' CSPA claim. We overrule appellants' second assignment of error.

## V. Third Assignment of Error – Injury Through Criminal Acts Claim

{¶ 12} In their third assignment of error, appellants argue the trial court erred in dismissing their claim for injury through criminal acts. R.C. 2307.60, which provides for civil recovery for criminal acts, provides:

> Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, and may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

R.C. 2307.60(A)(1). Although a record of conviction can serve as evidence of the criminal act, "the plain language of the statute does not require proof of an underlying criminal conviction" in order to recover under R.C. 2307.60. *Buddenberg v. Weisdack*, 161 Ohio St.3d 160, 2020-Ohio-2832, ¶ 11.

{¶ 13} Here, appellants allege Cardinal Health engaged in criminal acts and violated R.C. 2925.02, corrupting another with drugs, and R.C. 2925.03, trafficking in drugs, in its wholesale distribution of prescription opioids. However, R.C. 2925.02(B) and 2925.03(B) specifically exempt wholesale distributors from liability for both corrupting another with drugs and trafficking in drugs when the distributor's "conduct is in accordance with Chapters 3719., 4715., 4723., 4729., 4730., 4731., and 4741. of the Revised Code." Appellants assert the exemptions from liability in R.C. 2925.02(B) and 2925.03(B) do not apply to Cardinal Health because Cardinal Health did not comply with the listed chapters of the Revised Code as the exemptions require; however, their complaint contains this conclusory allegation without specific facts explaining how Cardinal Health failed to comply with the listed chapters of the Revised Code. A court need not accept as true unsupported legal conclusions in a complaint when deciding a Civ.R. 12(B)(6) motion to dismiss. *Morrow. v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). Though appellants allege in their complaint Cardinal Health should have known that fulfilling their contracts to distribute prescription opioids would flood the market and lead to addiction, abuse, misuse, and diversion of prescription opioids from legitimate channels of distribution throughout Ohio, they nonetheless fail to allege any specific facts suggesting Cardinal Health did not comply with R.C. Chapters 3719, 4715, 4723, 4729, 4730, 4731, and 4741. Without any such alleged facts, Cardinal Health is exempted from liability under R.C. 2925.02 and 2925.03.

{¶ 14} Thus, we find appellants failed to allege in their complaint that Cardinal Health engaged in criminal acts such that it could be found to have committed a violation of either R.C. 2925.02 or 2925.03, thereby subjecting itself to liability under R.C. 2307.60. Accordingly, the trial court did not err in dismissing appellants' claim for injury through criminal acts pursuant to R.C. 2307.60. We overrule appellants' third assignment of error.

**VI.  Fourth Assignment of Error – Public Nuisance Claim**

{¶ 15}  In their fourth assignment of error, appellants argue the trial court erred in dismissing their public nuisance claim.

{¶ 16}  A "nuisance" is a wrongful invasion of a legal right or interest. *Hamilton v. Hibbs LLC*, 10th Dist. No. 11AP-1107, 2012-Ohio-4074, ¶ 15, citing *Banford v. Aldrich Chem. Co., Inc.*, 126 Ohio St.3d 210, 2010-Ohio-2470, ¶ 17. A plaintiff may recover for a

public nuisance, which is an unreasonable interference with a right common to the general public. *Id.*, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 8; *Hurier v. Ohio Dept. of Transp.*, 10th Dist. No. 01AP-1362, 2002-Ohio-4499, ¶ 9. Generally, private individuals lack standing to pursue a public nuisance claim. *Sommer v. Ohio Dept. of Transp.*, 10th Dist. No. 13AP-848, 2014-Ohio-5663, ¶ 29, citing *Cleveland Hous. Renewal Project, Inc. v. Wells Fargo Bank, N.A.,* 188 Ohio App.3d 36, 2010-Ohio-2351, ¶ 31 (8th Dist.), citing *Miller v. W. Carrollton*, 91 Ohio App.3d 291, 295 (2d Dist.1993). *See also Wooster v. Enviro-Tank Clean, Inc.*, 9th Dist. No. 13CA0012, 2015-Ohio-1876, ¶ 14 ("[g]enerally, public nuisances are subject to abatement only by the state"). However, a private individual can fall within the exception to the general rule and have standing to pursue a public nuisance claim if the private individual can show he or she suffered an injury not incurred by the general public. *Sommer* at ¶ 29, citing *Cleveland Hous. Renewal Project* at ¶ 31. " ' '[T]he majority view regards the special injury as an injury suffered by the plaintiff which is different in kind rather than degree from that suffered by other members of the public exercising the same public right." ' " *Id.*, quoting *Cleveland Hous. Renewal Project* at ¶ 31, quoting *Miller* at 295-96.

{¶ 17} Having reviewed appellants' complaint, we agree with the trial court that appellants failed to allege they have suffered a particular harm not suffered by the general public. The public nuisance appellants allege is Cardinal Health's creation of the opioid epidemic in Ohio. The public right that appellants allege the public nuisance unreasonably interferes with is the right to pay for health insurance without incurring higher premiums, deductibles, and co-pays as a result of the overall healthcare costs of the opioid epidemic. Appellants specifically allege that "*every* Ohio purchaser of private health insurance paid higher premiums, co-payments, and deductibles" as a result of the opioid epidemic. (Emphasis added.) (Compl. at ¶ 7.) Thus, by the very terms of appellants' complaint, every member of the public who has exercised the public right of purchasing private health insurance has been injured in the same way by the public nuisance of the opioid epidemic. Appellants do not allege they suffered an injury different in kind than the injury suffered by every other member of the public exercising that same public right. Thus, appellants lack standing to bring a public nuisance claim against Cardinal Health. *Sommer* at ¶ 34

(appellants lack standing to pursue a public nuisance claim where the inconveniences they allege to have suffered are those common to the general public).

{¶ 18} Because appellants lack standing to pursue the public nuisance claim, the trial court did not err in granting Cardinal Health's motion to dismiss appellants' claim for public nuisance. *See, e.g., Beard v. N.Y. Life Ins. & Annuity Corp.*, 10th Dist. No. 12AP-977, 2013-Ohio-3700, ¶ 7 ("[a] motion to dismiss for lack of standing is properly brought pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted"). We overrule appellants' fourth assignment of error.

## VII.  Fifth Assignment of Error – Unjust Enrichment Claim

{¶ 19} In their fifth assignment of error, appellants argue the trial court erred in dismissing their claim for unjust enrichment.

{¶ 20} "The doctrine of unjust enrichment 'applies [when] a benefit is conferred and it would be inequitable to permit the benefitting party to retain the benefit without compensating the conferring party.' " *Garb-Ko v. Benderson*, 10th Dist. No. 12AP-430, 2013-Ohio-1249, ¶ 25, quoting *Meyer v. Chieffo*, 193 Ohio App.3d 51, 2011-Ohio-1670, ¶ 16 (10th Dist.).  To prove an unjust enrichment claim, a plaintiff must demonstrate (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant knew of the benefit, and (3) it would be unjust to allow the defendant to retain the benefit without repayment to the plaintiff. *Garb-Ko* at ¶ 25, citing *Meyer* at ¶ 37, citing *Maghie & Savage, Inc. v. P.J. Dick, Inc.,* 10th Dist. No. 08AP-487, 2009-Ohio-2164, ¶ 33.  Appellants allege Cardinal Health was unjustly enriched when it accepted and retained profits from the sale of opioids.

{¶ 21} It is clear from the face of the complaint that appellants do not allege they engaged in any direct transaction with Cardinal Health.  Instead, appellants allege Cardinal Health was unjustly enriched indirectly through appellants' payments of their health insurance premiums.  Under Ohio law, "an indirect purchaser cannot assert a claim for unjust enrichment against a defendant without establishing a benefit had been conferred upon *that* defendant by the purchaser."  (Emphasis added.)  *Liberty Mut. Ins. Co. v. Three-C Body Shop, Inc.*, 10th Dist. No. 19AP-775, 2020-Ohio-2694, ¶ 16, citing *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, ¶ 22 (where no economic transaction occurred between Johnson and Microsoft, Johnson could not establish that Microsoft retained any benefit to which it was not justly entitled).  Though appellants allege

they conferred a benefit upon Cardinal Health by ultimately bearing the economic impact of the opioid epidemic through their increased health insurance costs, the only *direct* benefit appellants conferred was upon their health insurance providers, not on Cardinal Health. *Liberty Mut. Ins. Co.* at ¶ 17 (auto repair shop failed to demonstrate it conferred a direct benefit on car insurance company when it repaired customer's vehicles; instead, "the claimed benefit conferred onto Liberty—satisfaction of its contractual duty to the insured— was too indirect," and "[t]he only ones who received a direct benefit were Three-C's customers whose vehicles were repaired").

{¶ 22} As appellants failed to allege they conferred any direct benefit upon Cardinal Health, the trial court did not err in granting Cardinal Health's motion to dismiss the claim for unjust enrichment. We overrule appellants' fifth assignment of error.

## VIII. Sixth Assignment of Error – Negligence Claim

{¶ 23} In their sixth assignment of error, appellants argue the trial court erred in dismissing their negligence claim.

{¶ 24} In order to establish an actionable negligence claim, a plaintiff must establish that (1) the defendant owed plaintiff a duty, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff's injuries. *Williams v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-720, 2019-Ohio-2194, ¶ 15, citing *Briscoe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 02AP-1109, 2003-Ohio-3533, ¶ 20; *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285 (1981). In the absence of a duty, no legal liability for negligence can arise. *Smallwood v. MCL, Inc.*, 10th Dist. No. 14AP-664, 2015-Ohio-1235, ¶ 7, citing *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142 (1989). The existence of a duty is a question of law for a court to determine. *Watkins v. Scioto Downs, Inc.*, 10th Dist. No. 15AP-985, 2016-Ohio-3141, ¶ 8, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989).

{¶ 25} As the Supreme Court of Ohio has stated, "a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 645 (1992), citing *Huston v. Konieczny*, 52 Ohio St.3d 214, 217 (1990). Though appellants allege the harm caused by Cardinal Health's fulfillment of their prescription opioid contracts was foreseeable, appellants fail to allege any relationship existed between appellants and Cardinal Health. Here, where there is no relationship between the parties,

appellants cannot show the existence of a duty. *See Desir v. Mallett*, 10th Dist. No. 14AP-766, 2015-Ohio-2124, ¶ 31 ("defendants had no relationship with Mallett, let alone a special relationship, which would justify imposing upon them a duty to control Mallett's conduct"); *Kitchen v. Teeters*, 12th Dist. No. CA2011-06-048, 2012-Ohio-4343, ¶ 13 ("as there was no relationship between the appellants and the [defendants], no duty was owed in this situation"); *Marquette v. Timura*, 9th Dist. No. 23628, 2007-Ohio-4809, ¶ 7. Accordingly, the trial court did not err in dismissing appellants' negligence claim. We overrule appellants' sixth assignment of error.

## IX. Seventh Assignment of Error – Tortious Interference with Prospective Economic Advantage Claim

{¶ 26} In their seventh assignment of error, appellants argue the trial court erred in dismissing their claim for tortious interference with prospective economic advantage.

{¶ 27} To establish a claim of tortious interference with a business relationship or contract, a plaintiff must show (1) the existence of a business relationship or contract, (2) the defendant's knowledge of the business relationship or contract, (3) the defendant's intentional or improper action taken to prevent a contract formation, procure the contract's breach, or terminate a business relationship, (4) lack of justification or privilege, and (5) resulting damages. *Cairelli v. Brunner*, 10th Dist. No. 18AP-164, 2019-Ohio-1511, ¶ 55, citing *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171 (1999), paragraph one of the syllabus; *Syed v. Poulos*, 8th Dist. No. 103137, 2016-Ohio-3168, ¶ 16; *Helfrich v. Madison*, 5th Dist. No. 2011-CA-89, 2012-Ohio-3701, ¶ 27. Appellants assert Cardinal Health tortuously interfered with the contractual relationships between appellants and their health insurers by causing appellants to suffer adverse economic consequences in the form of increased insurance premium, deductible, and co-pay costs.

{¶ 28} The second element of a claim of tortious interference with a business relationship or contract requires the defendant's knowledge of the business relationship or contract. "The knowledge required is actual knowledge; constructive knowledge is not sufficient to sustain a cause of action for tortious interference with contract, actual knowledge is required." *Gentile v. Turkoly*, 7th Dist. No. 16 MA 0071, 2017-Ohio-1018, ¶ 29, citing *Norris v. Philander Chase Co.*, 5th Dist. No. 10-CA-04, 2010-Ohio-5297, ¶ 26 ("constructive knowledge is not sufficient to sustain a cause of action for tortious

interference with contract"), citing *Crown Equip. Corp. v. Toyota Material Handling, U.S.A., Inc.*, 202 Fed.Appx. 108 (6th Cir.2006). Here, appellants do not allege that Cardinal Health had knowledge of their specific relationships or contracts with their health insurance companies. Though appellants allege generally in the complaint that Cardinal Health was aware that it's actions would result in increased costs to holders of health insurance, they make no allegation that Cardinal Health had any knowledge of the specific contracts between appellants and their insurers. Thus, appellants failed to state a claim for tortious interference with a business relationship or contract, and the trial court did not err in dismissing appellants' claim. We overrule appellants' seventh assignment of error.

## X. First Assignment of Error – Remote and Derivative Nature of Claims

{¶ 29} In their first assignment of error, appellants argue the trial court erred in granting Cardinal Health's motion to dismiss on the grounds that all of appellants' claims are remote and derivative. However, having concluded in our resolution of appellants' second, third, fourth, fifth, sixth, and seventh assignments of error that the trial court did not err in dismissing each of appellants' individual claims, we need not determine whether dismissal was also warranted for the additional reason that the claims were remote and derivative. Thus, appellants' arguments under their first assignment of error are moot.

## XI. Disposition

{¶ 30} Based on the foregoing reasons, the trial court did not err in granting Cardinal Health's motion to dismiss appellants' complaint. Having overruled appellants' second, third, fourth, fifth, sixth, and seventh assignments of error, rendering moot appellants' first assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.